397 F.2d 586
 RESOLUTE INSURANCE COMPANY, Appellant,
v.
STATE OF NORTH CAROLINA, Edwin Lanier, Commissioner of Insurance of North Carolina, Union County, and Union County Board of Education, Appellees.
 No. 12156.
 United States Court of Appeals Fourth Circuit.
 Argued May 10, 1968.
 Decided June 20, 1968.
 Certiorari Denied December 9, 1968.
 
 See 89 S.Ct. 446.
 George W. Miller, Jr., Durham, N. C., for appellant.
 Ralph Moody, Raleigh, N. C., and C. Frank Griffin, Monroe, N. C., Staff Attys., Office of the Atty. Gen. of North Carolina (Thomas Wade Bruton, Atty. Gen of North Carolina, on the brief) for appellees.
 Before BOREMAN, BRYAN and BUTZNER, Circuit Judges.
 BOREMAN, Circuit Judge:
 
 
 1
 Resolute Insurance Company (hereafter Resolute) brought this action in the district court seeking an injunction to restrain the selling of certain of its securities on deposit with the North Carolina Department of Insurance. The purpose of the proposed sale was to satisfy state court judgments against Resolute in the amount of $32,500.00, resulting from the forfeiture of appearance bonds, on which Resolute was surety, given by defendants in a criminal case in a North Carolina state court. Although the district court determined that it lacked jurisdiction it applied the doctrine of res judicata and dismissed the action. For the reasons hereinafter stated, we uphold the dismissal.
 
 
 2
 The facts may be briefly stated as follows. In early 1964, four persons were tried in the Superior Court of Union County, North Carolina, on indictments charging the offense of kidnapping. They were found guilty and were sentenced to prison terms. All appealed to the North Carolina Supreme Court, and at that time each individual defendant executed two documents, a Recognizance and an "Appearance Bond in Cases or Appeal to Supreme Court." Those bonds involved in the instant case were executed by three of the defendants as principals, and by Resolute as surety "by Richard F. Taylor, Attorney in Fact."[1] The bonds are identical, except as to amounts, and all contain the following conditions:
 
 
 3
 "Now, Therefore, if the above bounden defendant * * * shall make his appearance at the May 4th, 1964 Term of Union County Superior Court and at each succeeding term of said Court pending the final disposition of the above cases, and shall not depart the same without leave of the Court, then this obligation shall be void; otherwise to remain in full force and effect."
 
 
 4
 In January 1965, on appeals of the convicted defendants, the Supreme Court of North Carolina handed down its decision quashing the indictments and vacating the verdicts and judgments because of racial discrimination in the selection of the grand jury. State v. Lowry, 263 N.C. 536, 139 S.E.2d 870 (1965). The court's opinion closed with this brief paragraph:
 
 
 5
 "The indictments are quashed and the verdict and judgments are vacated for want of valid indictments to support them. It does not follow that defendants are entitled to discharge and dismissal of the charges. If the State so elects it may send new bills and if they are returned true bills by an unexceptionable grand jury, defendants may be tried thereon for the offenses alleged." 139 S.E.2d at 879.
 
 
 6
 Later, on May 4, 1965, another grand jury, properly constituted, returned new indictments on the same charge of kidnapping against all parties previously indicted. That same day the names of the defendants were called out in open court, and each failed to answer. As a consequence, a judgment nisi was entered against each defendant and against Resolute. Notice was served on Taylor, Attorney in Fact for Resolute, on May 28 commanding the surety to appear on August 30 and show cause why the judgment should not be made absolute. None of the individual defendants could be found, and no notice was served on them.
 
 
 7
 In its answer filed in the Superior Court, Resolute alleged that during the period between January 29, 1965, when the Supreme Court handed down its opinion, and May 4, 1965, when the new indictments were returned, the three defendants were not charged with any offense in North Carolina and neither they nor Resolute had been put on notice that they would be reindicted. The contention was that the bonds were discharged and the individual defendants were no longer required to appear in court. The individual defendants also made motions contending that their bonds had expired by virtue of the North Carolina Supreme Court's decision and that the failure of the state solicitor to notify them of the fact he was about to proceed with new indictments and his failure to take steps to admit them anew to bail amounted to a denial of their due process rights under the Fourteenth Amendment. All motions were overruled and judgments were entered forfeiting the appearance bonds. The individual defendants and Resolute again appealed to the North Carolina Supreme Court alleging that that court's prior decision had released them from all obligation on the bonds.
 
 
 8
 The North Carolina Supreme Court, however, did not agree, finding it "manifest" from the language of the appearance bonds and its earlier decision quoted above that the bonds were not discharged. Furthermore, the court rejected the arguments that the solicitor's failure to notify the individual defendants of his decision to proceed with new indictments and to require new bonds amounted to a denial of due process. Accordingly, the judgment was affirmed. State v. Mallory, 266 N.C. 31, 145 S.E.2d 335 (1965). A petition to the United States Supreme Court for a writ of certiorari was denied. Mallory v. North Carolina, 384 U.S. 928, 86 S.Ct. 1443, 16 L.Ed.2d 531 (1966), and on May 13, 1966, judgment was entered in the Union County Superior Court forfeiting absolutely the bonds of the defendants.
 
 
 9
 Following these proceedings Resolute brought this action in the court below alleging federal jurisdiction under 28 U.S.C. §§ 1331 and 1332. It complains that the proposed sale of its securities would constitute a taking of its property without due process of law. In essence, the particular arguments put forward in support of this charge constitute an attack both on the proceedings in Union County and on the decision of the North Carolina Supreme Court affirming the forfeiture. Resolute again alleged that no charges were pending against the individual defendants following the North Carolina Supreme Court's reversal of the convictions and that no notice was afforded of the state's reindictments. Moreover, it contends the state Supreme Court's decision was "grossly erroneous." As stated before, the relief sought was an injunction to prohibit the selling of Resolute's securities to satisfy the forfeitures.
 
 
 10
 Resolute is incorporated in the State of Rhode Island and it has its principal place of business in Connecticut. The amount here in controversy exceeds $10,000.00. Diversity of citizenship is clear. We conclude that original jurisdiction of the parties is vested in the district court by virtue of 28 U.S.C. § 1332; but the court must then look to the pleadings to determine whether or not a justiciable controversy is presented.
 
 
 11
 Little discussion is needed to affirm the dismissal below. Resolute's action instituted below is based in part on its assertion that the North Carolina Supreme Court's decision was "grossly erroneous." Resolute pursued the proper appellate procedure by applying to the United States Supreme Court for certiorari. What it now seeks to accomplish is to have a federal district court act in an essentially appellate capacity and review a state court decision alleged to be erroneous. The District Courts of the United States are not authorized and do not assume to exercise any such power. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); Warriner v. Fink, 307 F.2d 933 (5 Cir. 1962), cert. denied, 372 U.S. 943, 83 S.Ct. 937, 9 L.Ed.2d 969 (1963); Manufacturers Record Publishing Co. v. Lauer, 268 F.2d 187 (5 Cir.), cert. denied, 361 U.S. 913, 80 S.Ct. 258, 4 L.Ed.2d 184 (1959); Williams v. Tooke, 108 F.2d 758 (5 Cir.), cert. denied, 311 U.S. 655, 61 S.Ct. 8, 85 L.Ed. 419 (1940); Annot. 13 A.L.R.2d 390, 467 (1950). Resolute will not be permitted to start all over again in the hope of working its way through the federal court system.
 
 
 12
 Furthermore, the dismissal was clearly proper on the ground of res judicata. The thrust of Resolute's complaint below was that liability on the bonds was discharged by the quashing of the indictment and the vacating of the verdicts and judgments and that no notice was given of the State's intent to reindict the individual defendants. This was the essence of Resolute's contention throughout the state court litigation and in its petition for certiorari to the United States Supreme Court. The doctrine of res judicata is applied in federal courts with respect to matters previously adjudicated in a state court of competent jurisdiction. While a federal court may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, or mistake,[2] there is no basis in the instant case for such an attack.
 
 
 13
 The complaint failed to state a cause of action upon which relief could be granted. This case is a thinly veiled attempt to thwart the process of dispensing justice by relitigating matters which have been decided in a court of competent jurisdiction. The result reached by the court below in dismissing the case is
 
 
 14
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 The fourth defendant appealed his conviction also, but Resolute did not act as surety on his bond
 
 
 [2]
 See, e. g., Atchison, T. & S. F. Ry. v. Wells, 265 U.S. 101, 44 S.Ct. 469, 68 L. Ed. 928 (1924); Wells Fargo & Co. v. Taylor, 254 U.S. 175, 41 S.Ct. 93, 65 L. Ed. 205 (1920); Simon v. Southern Ry., 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492 (1915)