**In re SUN VALLEY FOODS COMPANY, Debtor.**

**SUN VALLEY FOODS COMPANY, Plaintiff-Appellant,**

v.

**DETROIT MARINE TERMINALS, INC., Defendant-Appellee.** (85–1354)

**SUN VALLEY FOODS COMPANY, Plaintiff-Appellant,**

v.

**Robert FICANO, Wayne County Sheriff, Defendant-Appellee,**

and

**G. Mennen Williams, James H. Brickley, James L. Ryan, Michael F. Cavanagh, Richard M. Maher, Barbara MacKenzie, Martin B. Brieghner, and Richard C. Kaufman, Added Defendants-Appellees.** (85–1517)

Nos. 85–1354, 85–1517.

United States Court of Appeals, Sixth Circuit.

Argued June 13, 1986.

Decided Sept. 11, 1986.

George E. Ward (argued), Milmet, Vecchio, Ward and Carnago, Detroit, Mich., for Sun Valley Foods Co.

Ronald L. Rose, Dykema, Gossett, Spencer, Goodnow & Trigg, J. Bruce Donaldson (argued), Detroit, Mich., for Detroit Marine Terminals, Inc.

George H. Weller, Asst Atty. Gen. (argued) Lansing, Mich., for Ficano.

Before KRUPANSKY and BOGGS, Circuit Judges; and PORTER, Senior District Judge.*

## OPINION

BOGGS, Circuit Judge.

This is a consolidated appeal from two adverse Orders of the United States District Court for the Eastern District of Michigan. Appellant, Sun Valley Foods Company, first appeals from the Order of the district court,[1] dismissing with prejudice Sun Valley's "Verified Complaint for Declaratory and Equitable Relief Against a Void State Court Summary Judgment and Void State Court Writ" against several justices and judges of the Michigan state court system and the sheriff of Wayne County. Sun Valley also appeals from the district court Order[2] denying its motion for leave to appeal from an Order of the bankruptcy court. For the reasons set forth in this opinion, we affirm the district court's Order of dismissal in the first action, and we reverse and remand the second action to the district court.

## I.

The once amicable relationship between Sun Valley and Detroit Marine Terminals, Inc. ("DMT") has deteriorated into a series of lawsuits, filed in both state and federal courts. The facts that affect Sun Valley's appeals to this court are as follows: In 1976, the Detroit Port Development Corporation leased a warehouse to DMT; DMT in turn subleased the property to Sun Valley in 1978. From July 1981 to April 1982, Sun Valley tendered to DMT monthly checks, designated as rental payments, totalling $295,833. However, in an apparent effort to strengthen its claim, in a related lawsuit, that Sun Valley had become the equitable owner of the warehouse, DMT did not cash the checks. A federal district court subsequently held in that related lawsuit that Sun Valley was not the equitable owner of the property and that DMT, as true owner, was entitled to receive rent from Sun Valley. DMT then returned to Sun Valley the rental checks, which were by now stale and non-negotiable, and asked Sun Valley to issue a new check.

In response, Sun Valley's attorney asked DMT for confirmation that DMT had "*abandoned* its contention that an 'equitable sale' of the warehouse to Sun Valley had already occurred and that the monies tendered by Sun Valley are payments for the property rather than rent." Jt.App. 139 (emphasis in original). DMT replied that it had not abandoned "its contention that an equitable sale of the warehouse to Sun Valley has already occurred." Jt.App. 140. DMT then filed two actions in the Michigan state court, alternatively seeking back rent or possession of the premises. After the lawsuits were filed, Sun Valley sent to DMT rent checks for May and June, 1982, which contained the following restriction:

> "By cashing this check ... Detroit Marine Terminals abandons its contention that Sun Valley Foods is the equitable owner of the ... Warehouse."

Appellee's Brief, p. 9. The state trial court granted DMT's motion for summary judgment for back rent and possession, and Sun Valley appealed. Sun Valley argued on appeal[3] that the trial court erred in granting DMT's summary judgment motion on the issue of whether Sun Valley had, in fact, tendered rent to DMT during the peri-

---

* The Honorable David S. Porter, Senior District Judge for the Southern District of Ohio, sitting by designation.

1. The Honorable Julian Abele Cook, Eastern District of Michigan (District Court Case no. 84–4812).

2. The Honorable Robert DeMascio, Eastern District of Michigan (District Court Case no. 84–5320).

3. Sun Valley raised five issues on appeal. The Michigan court of appeals held in favor of DMT on all of those issues. However, only the issue of whether rent checks were tendered, discussed *infra,* is relevant here.

od from July 1981 to April 1982. The court of appeals concluded:

> We believe that the Trial Court properly granted summary judgment.... There is no genuine issue as to any material fact regarding the validity of the tender. On the back of each of Sun Valley's checks appears the following language:
>
> > By cashing this check * * * Detroit Marine Terminal abandons its contention that Sun Valley Foods is the equitable owner of the ... Warehouse
> >
> > \* \* \* \* \* \*
>
> In the present case, we can find no authority for the proposition that Sun Valley was entitled to attach the above condition to its tender of payment. We hold, therefore, that the tender was invalid.

Jt.App. 223–224. The court misspoke. Only the May and June, 1982 checks contained the quoted language, not the checks for July 1981 to April 1982 that DMT either failed or refused to cash. Noting this misstatement, Sun Valley requested a rehearing by the court of appeals, but the court denied the request. Finally, the Michigan Supreme Court denied Sun Valley's application for leave to appeal.[4]

On October 10, 1984, Sun Valley filed for Chapter 11 bankruptcy in United States bankruptcy court, thereby automatically staying the proceedings in the other court actions. The next day, in an effort to recover the premises, DMT filed a motion to lift the automatic stay, which the bankruptcy court granted in an Order entered on November 9, 1984. Sun Valley then filed a motion for leave to appeal in the district court. However, the district court denied the motion, holding that the bankruptcy court's lifting of the automatic stay was not a final order, and, therefore, that

Sun Valley's appeal was interlocutory and not appealable as of right. Sun Valley now appeals to this court from the district court's Order denying its motion for leave to appeal.

Prior to the district court's decision in the bankruptcy matter, Sun Valley had filed another lawsuit in federal district court, this time against the sheriff of Wayne County, Robert Ficano. Sun Valley later amended its complaint to include as defendants the following Michigan state officials: Justices Williams, Brickley, Ryan, and Cavanagh of the Michigan Supreme Court; Michigan Court of Appeals Judges Maher, MacKenzie, and Breighner; and Wayne County Circuit Court Judge Kaufman. Sun Valley claimed in this action that the defendants' actions deprived Sun Valley of its constitutional rights, under color of state law, and that the defendants had thereby violated 42 U.S.C. § 1983.[5] When the district court dismissed Sun Valley's claims against all the defendants on December 14, 1984, Sun Valley appealed to this court.[6]

## II.

We first turn to Sun Valley's constitutional claims against the Michigan state officials, ostensibly brought under 42 U.S.C. § 1983. Sun Valley in essence argues that the factual misstatement by the Michigan Court of Appeals, the failure of the Michigan Supreme Court to grant leave to appeal, and the sheriff's attempt to serve Sun Valley with the writ of restitution constitute a deprivation, under the color of state law, of its constitutional rights to due process and equal protection. However, prior to determining the validity of Sun Valley's § 1983 claim, we must first

---

**4.** With one of seven Justices dissenting, the Michigan Supreme Court denied Sun Valley's initial application for leave to appeal on October 8, 1984. Subsequently, on October 30, the Court denied Sun Valley's request for reconsideration by a vote of 4 to 3.

**5.** Specifically, Sun Valley claims that the defendants violated its constitutional rights in the following ways: by "attempting to serve a *void*

Writ of Restitution" (defendant sheriff); by "deny[ing] leave to appeal from the *void* Summary Judgment" (defendants Supreme Court Justices; by "affirm[ing] the *void* Summary Judgment" (defendants court of appeals Judges); and by "entering the *void* Summary Judgment" (defendant circuit court judge).

**6.** Sun Valley's two appeals were consolidated, pursuant to 6th Cir.R. 4(c).

clear the jurisdictional hurdle present in this case and determine whether the district court had the authority to review Sun Valley's substantive arguments. We hold that it did not.

As Judge Cook correctly stated in his opinion below:

it is clear that [Sun Valley] seeks to have this Court serve as a reviewing tribunal for a decision of the Michigan Supreme Court. This Court believes that the Federal Court does not have the power to modify or to set aside a State Court Judgment.

Jt.App. 247.

Review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S.Ct. 1303, 1311–12, 75 L.Ed.2d 206 (1983). *See* 28 U.S.C. § 1257. *See also Atlantic Coast Line Railroad Co. v. Locomotive Engineers*, 398 U.S. 281, 296, 90 S.Ct. 1739, 1747–48, 26 L.Ed.2d 234 (1970); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923). A United States district court "has no authority to review final judgments of a state court in judicial proceedings." *Feldman*, 460 U.S. at 482, 103 S.Ct. at 1315. This is true, even though the state court judgment may have been erroneous. *Texaco, Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1142 (2d Cir. 1986). *See Baltimore S.S. Co. v. Phillips, Co.*, 274 U.S. 316, 325, 47 S.Ct. 600, 604, 71 L.Ed.2d 1069 (1927).

■ There is, however, an exception to the general rule that precludes a lower federal court from reviewing a state's judicial proceedings. A federal court "may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, or mistake...." *Resolute Insurance Co. v. State of North Carolina*, 397 F.2d 586, 589 (4th Cir.1968). The district court below stated: "there has been no

evidence ... [of] facts such as fraud, accident or mistake which ... deceived the Court into a wrong decree...." We are bound to accept the district court's factual findings unless those findings are "clearly erroneous." Fed.R.Civ.P. 52(a). *Arthur v. City of Toledo*, 782 F.2d 565, 570 (6th Cir. 1986). The district court's findings in this case are not clearly erroneous and we therefore affirm its decision to dismiss Sun Valley's § 1983 claims against the Michigan state officials.[7]

### III.

We next address Sun Valley's appeal from the bankruptcy court. When the bankruptcy court issued its Order lifting the automatic stay, Sun Valley sought appellate relief from that Order in the United States district court. However, the district court held that Sun Valley's appeal was interlocutory in nature and thus dismissed the appeal.

The United States Code provides: "The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings [under Chapter 11]." 28 U.S.C. § 158. Thus, if the bankruptcy court's lifting of the automatic stay was a "final" decision, Sun Valley's appeal to the district court was an appeal as of right, and the district court was equired to hear the appeal.

A "final" decision generally "ends the litigation on its merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). However, although courts "do not treat the finality requirement lightly, they recognize some special exceptions to the requirements, generally so as to avoid causing serious harm by delaying the appeal." *In re Boomgarden*, 780 F.2d 657,

---

**7.** Sun Valley's correct appeal, of course, would have been to the United States Supreme Court.

28 U.S.C. § 1257(3).

659 (7th Cir.1985). *See also, e.g., Gillespie v. United States Steel Corp.,* 379 U.S. 148, 152–53, 85 S.Ct. 308, 310–11, 13 L.Ed.2d 199 (1964); *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 545, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949); *Forgay v. Conrad,* 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848).

Several other Circuits have held that a bankruptcy court's lifting of an automatic stay is a final order for appeal purposes. *See, e.g., In re Boomgarden,* 780 F.2d 657, 659–60 (7th Cir.1985); *In re Kemble,* 776 F.2d 802, 805 (9th Cir.1985); *Grundy National Bank v. Tandem Mining Corporation,* 754 F.2d 1436, 1439 (4th Cir.1985); *In re Leimer,* 724 F.2d 744, 745 (8th Cir.1984); *In re Comer,* 716 F.2d 168, 171–74 (3d Cir.1983); *In re Regency Woods Apartments, Ltd.,* 686 F.2d 899, 902 (11th Cir. 1982); *In re Taddeo,* 685 F.2d 24, 26 n. 4 (2d Cir.1982). As the Ninth Circuit recently stated:

> Congress intended the courts to conclusively and expeditiously adjudicate, apart from the bankruptcy proceedings as a whole, complaints for relief from the automatic stay. Immediate appeal from decisions of the bankruptcy [court] is plainly necessary to fulfill such congressional intent. We hold, therefore, that decisions of the bankruptcy courts granting or denying relief from the automatic stay ... are final decisions reviewable by this court.

*In re Kemble,* 776 F.2d 802, 805 (9th Cir. 1985) (quoting *In re American Mariner Industries,* 734 F.2d 426, 429 (9th Cir. 1984)).

■ We similarly hold here that the bankruptcy court's lifting of the automatic stay was a final decision for the purposes of appellate review by the district court. 28 U.S.C. § 158. Thus, Sun Valley's appeal to the district court was not subject to the discretion of the district court; rather, it was an appeal as of right, properly before the district court. We therefore remand this case to the district court, with instructions to consider Sun Valley's appeal from the bankruptcy court's decision to lift the automatic stay.

## IV.

The decision of the district court in Case No. 85–1517 is hereby AFFIRMED. The decision of the district court in Case No. 85–1354 is REVERSED and REMANDED.