12 F.3d 212
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roselyn Ann KEPLINGER, Plaintiff-Appellant,
v.
Richard K. WILSON; William H. Wolff, Jr.; Mike Fain;
Defendants-Appellees,
State of Ohio, Defendant.
 No. 93-3588.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1993.
 
 S.D.Ohio, No. 92-00192, Rice, J.
 S.D.Ohio
 AFFIRMED.
 Before: NELSON and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Roselyn Ann Keplinger, pro se, appeals a district court order dismissing this civil rights complaint for lack of subject matter jurisdiction and for failure to state a claim. Filed under 42 U.S.C. Sec. 1983, the complaint named as defendants three Ohio state court appellate judges and the State of Ohio. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In her complaint, Keplinger alleged that the defendants denied her procedural due process and equal protection of the law by utilizing a "local practice or pattern of action" to "advance the litigatory interests of a class of medical defendants represented by specific, sizable and prestigious law firms within the Second Ohio Appellate District." Her allegation was that this "local practice" resulted in a grant of summary judgment under Ohio state law in favor of certain doctors that she had sued in state court for medical malpractice. Keplinger's principal argument is that the three judges named as defendants, who comprised the state court panel that decided her malpractice case, improperly applied the standard for summary judgment proceedings, based on evidence that she alleges supports her underlying claims of malpractice and of conspiracy among the doctors and the judges in the state courts.
 
 
 3
 The matter was referred to a magistrate judge, who determined that: (1) the court had no jurisdiction to grant the requested relief under the doctrine set forth in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) (the Rooker-Feldman doctrine); (2) the Eleventh Amendment barred monetary relief against the State of Ohio and the defendants in their official capacities; and (3) sued in their individual capacities, the three judges were absolutely immune under the doctrine of judicial immunity. In a supplemental report, the magistrate judge again recommended that the claim should be dismissed without prejudice for lack of subject matter jurisdiction, based on the rationale set forth in his original report. After considering the two reports, as well as Keplinger's objections to them, the district court adopted the reports in their entirety, dismissing the complaint by order and judgment entered March 19, 1993. Keplinger then filed a motion for reconsideration of that order, which motion was denied by order entered April 21, 1993.
 
 
 4
 On appeal, Keplinger advances the following arguments: (1) the Forty-Second Congress, in enacting the Ku Klux Klan Act, intended to abolish the doctrine of absolute judicial immunity in suits brought under that statute; (2) the district court abused its discretion by disregarding certain evidence that she had presented, i.e., "fresh legislative evidence showing an affirmative intent in the Forty-Second Congress to subject state judges to liability under Section One of the Civil Rights Act of 1871"; and (3) the district court abused its discretion by deciding that it lacked jurisdiction, when the state court judgment was based upon an alleged violation of the Constitution and was procured by fraud.
 
 
 5
 This court reviews de novo a district court's decision to dismiss a case for failure to state a claim. Fed.R.Civ.P. 12(b)(6); Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). The court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of her claims that would entitle her to relief. Meador, 902 F.2d at 475.
 
 
 6
 In support of her case, Keplinger continues to argue that the doctrine of judicial immunity should be abandoned. However, as explained by the magistrate judge, this court may not supersede the law as handed down by the Supreme Court of the United States, which law still bestows absolute immunity upon state court judges performing acts essential to their adjudicative functions, as the judges were, in this case. Mireles v. Waco, 112 S.Ct. 286, 288 (1991) (per curiam); Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Sparks v. Character and Fitness Comm., 859 F.2d 428, 430-31 (6th Cir.1988), cert. denied, 489 U.S. 1011 (1989). The acts upon which Keplinger bases her complaint were performed clearly within the subject matter of the state court of appeals. Therefore, the judges were acting within their official duties in determining that the defendants in the state court action were entitled to summary judgment under state law. King v. Love, 766 F.2d 962, 965-66 (6th Cir.), cert. denied, 474 U.S. 971 (1985).
 
 
 7
 Moreover, the district court lacked authority to review the state court's final judgment, because the court would have been required to review the same claims asserted between the parties in the state court litigation, notwithstanding Keplinger's assertion of those claims within a federal constitutional context. Feldman, 460 U.S. at 485-86; Sun Valley Foods Co. v. Detroit Marine Terminals, Inc. (In re Sun Valley Foods Co.), 801 F.2d 186, 189 (6th Cir.1986). The district court could not review the claim even if it had considered the state court judgment to be incorrect. Sun Valley Foods Co., 801 F.2d at 189. Lastly, this claim does not fall within the exception set forth in Sun Valley Foods, because the state court judgment was not procured by fraud. Id.
 
 
 8
 Accordingly, the district court's order dismissing this case for failure to state a claim and for lack of subject matter jurisdiction is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.