**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0486n.06
Filed: August 12, 2008

No. 07-2193

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| INTERNATIONAL CHRISTIAN MUSIC MINISTRY INCORPORATED, dba Late Night Praise and Worship, | ) ) ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| OCWEN FEDERAL BANK, FSB, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |

Before: SUTTON and COOK, Circuit Judges; and ROSE, District Judge.[*]

COOK, Circuit Judge. This property dispute between International Christian Music Ministry, Inc. ("ICMM"), and Ocwen Federal Bank, FSB ("Ocwen"), was resolved when Michigan's courts quieted title to the property in Ocwen. ICMM then brought this federal suit, seeking to countermand that decision by asking the district court to declare it the true property owner. Because ICMM is precluded from relitigating in federal court issues already settled by the state courts, we affirm the district court's dismissal.

---

[*]The Honorable Thomas M. Rose, United States District Judge for the Southern District of Ohio, sitting by designation.

I.

These parties filed competing actions in two Michigan circuit courts to determine rights to a house and some land located in St. Clair County, Michigan, where multiple conveyances clouded rightful title. The first action, in Wayne County Circuit Court, began when ICMM sued a non-profit organization called Unity Community for breaching several advertising contracts. When Unity Community failed to pay the resulting consent judgment, ICMM sought to levy on the disputed property, claiming that Unity Community fraudulently transferred the title to its president and his wife (the McAfees). *See* Mich. Comp. Laws Ann. § 566.31 (Michigan's Uniform Fraudulent Transfers Act). The court agreed and ordered the property conveyed to ICMM and its lawyer, Percy Lewis, to satisfy their financial claims.

The McAfees had earlier mortgaged the property through Ocwen's assignor but defaulted on that mortgage while the Wayne County suit pended. A sheriff's deed issued to Ocwen, and the redemption period ran by the time Ocwen learned about ICMM's stake in the property. Failed negotiations prompted Ocwen to bring a quiet-title action in St. Clair County Circuit Court. *See* Mich. Comp. Laws Ann. § 600.2932.

Brandishing the Wayne County ruling, ICMM defended its property interest on the ground that Michigan's court rules prohibited the St. Clair court from disturbing that order. *See* Mich. Ct. R. 2.613(B) ("A judgment or order may be set aside or vacated . . . only by the judge who entered the judgment or order."). Nevertheless, the St. Clair court found the Wayne County order

"ineffective as against the interest of Ocwen" because Ocwen "was a necessary party in interest [whose] joinder . . . was compulsory." In other words, "[t]he failure of ICMM and Lewis to include Ocwen in that suit renders the Order of Conveyance null and void," so the St. Clair court quieted title in fee simple absolute in Ocwen.

Although the Michigan Court of Appeals agreed with ICMM that the St. Clair court lacked authority to strike the Wayne County order as "null and void," *Ocwen Fed. Bank, FSB v. Int'l Christian Music Ministry, Inc.*, No. 249081, 2004 WL 1533872, at *4 (Mich. Ct. App. July 8, 2004) (per curiam), the Michigan Supreme Court reversed. It clarified that "the St. Clair Circuit Court's order did not have the effect of setting aside or rendering 'null and void' the order of the Wayne Circuit Court," but "[r]ather . . . the St. Clair Circuit had plenary authority pursuant to [Michigan's quiet-title statute] to vest title in [Ocwen]." *Ocwen Fed. Bank, FSB v. Int'l Christian Music Ministry, Inc.*, 697 N.W.2d 155 (Mich. 2005) (table).

On remand, the Michigan Court of Appeals decided the only remaining issue for Ocwen. *Ocwen Fed. Bank, FSB v. Int'l Christian Music Ministry, Inc.*, No. 249081, 2005 WL 2465807, at *2 (Mich. Ct. App. Oct. 6, 2005) (per curiam). The Michigan Supreme Court then denied ICMM leave to appeal as well as reconsideration.

Undeterred, ICMM filed a complaint in federal court that characterized its claim: "This is a lawsuit to determine who owns the real property." It essentially argued the correctness of the state court of appeals' first holding, asking the district court to declare it "the lawful owner of the

property." Ocwen responded with a legion of defenses, and the district court agreed it should dismiss the case because the state courts resolved the dispositive ownership issue.

ICMM's appeal triggers our de novo review, *Abbott v. Michigan*, 474 F.3d 324, 331 (6th Cir. 2007), and we affirm, finding that the district court correctly ruled that Michigan preclusion law bars this action.

## II.

We afford state court judgments the same preclusive effect they would be given in the courts of the rendering state. 28 U.S.C. § 1738; *see Hamilton's Bogarts, Inc., v. Michigan*, 501 F.3d 644, 650 (6th Cir. 2007). Michigan issue-preclusion law bars relitigation of an issue decided by a first suit when "1) the parties in both proceedings are the same or in privity, 2) there was a valid, final judgment in the first proceeding, 3) the same issue was actually litigated in the first proceeding, 4) that issue was necessary to the judgment, and 5) the party against whom preclusion is asserted (or its privy) had a full and fair opportunity to litigate the issue." *United States v. Dominguez*, 359 F.3d 839, 842 (6th Cir. 2004) (citing *People v. Gates*, 452 N.W.2d 627, 630–31 (Mich. 1990)). Conceding that factors one through four are met, ICMM disputes only the fifth.

Our review confirms that Ocwen's quiet-title action squarely challenged ICMM's purported property interest, giving it every incentive and opportunity to litigate ownership vigorously in that action, on appeal, and in the Michigan Supreme Court. Acknowledging that "[t]he same issue was

presented" to the state courts, ICMM insists that preclusion should not apply because the Michigan Supreme Court's decision was premised on a "mistake of fact," thus negating ICMM's chance to fully litigate the issue. The "mistake" ICMM points to is the state high court's assumption that Ocwen held absolute title to the property under the quiet-title statute when, ICMM says, "Ocwen had no title to the property in question because the Wayne County Circuit Court Order was not set aside." So, the argument goes, "the Michigan Supreme Court [held] that the Wayne County Circuit Court order of conveyance was not set aside or held null and void," and the lingering issue of how to reconcile the two lower-court holdings evaded review. There are several problems with this argument.

As a procedural matter, ICMM failed to raise this mistake-of-fact argument in the district court, thus waiving it. *Union Planters Nat'l Bank of Memphis v. Commercial Credit Bus. Loans*, 651 F.2d 1174, 1187 (6th Cir. 1981).

Second, waiver notwithstanding, ICMM uses the operative term "mistake" too broadly. While we have stated elsewhere that "a federal court 'may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, or mistake,'" *In re Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1986) (quoting *Resolute Ins. Co. v. North Carolina*, 397 F.2d 586, 589 (4th Cir. 1968)), ICMM's allegation of judicial error overlooks that the exception focuses on situations involving "the improper *procurement* of the judgment, i.e., whe[re] [the state-court winner] 'deceived the Court into a wrong decree,'" *West v.*

*Evergreen Highlands Ass'n*, 213 F. App'x 670, 674 (10th Cir. 2007) (quoting *Sun Valley*, 801 F.2d

at 189). It does not extend to situations where, as here, a state-court loser merely complains that the

state court erred. *Resolute Ins. Co.*, 397 F.2d at 589.

Third, there was no mistake. ICMM's suggestion that the Michigan Supreme Court

somehow left alive the Wayne County order ignores the very next sentence in the court's decision

confirming that the St. Clair court "had plenary authority" under Michigan's quiet-title statute to vest

title in Ocwen. That explanation should have tipped ICMM that the Wayne County order was not

rendered "null and void" as between the parties to that suit—ICMM, Percy Lewis, and Unity

Community—but had no bearing on Ocwen's superior property rights.

### III.

Because Michigan law bars ICMM from relitigating ownership, we affirm the district court's

dismissal of the action.