**In re CGE SHATTUCK, LLC, Debtor.**

**Banc of America Commercial Financial Corporation,**
*Appellant,*

v.

**CGE Shattuck, LLC, Appellee.**

**BAP No. NH 00–002.**

**Bankruptcy No. 99–12287–JMD.**

United States Bankruptcy Appellate Panel of the First Circuit.

Dec. 1, 2000.

James Romeyn Davis, Sheldon, Davis & Wells, P.C., Keene, NH, for Banc of America Commercial Finance Corporation.

Bruce A. Harwood, Sheehan, Phinney, Bass & Green, Manchester, NH, for CGE Shattuk, LLC.

William S. Gannon, Wadleigh, Starr & Peters, P.L.L.C., Manchester, NH, for Torrance Family Limited Partnership.

## ORDER DENYING THE MOTION OF THE DEBTOR/APPELLEE TO DISMISS FOR LACK OF JURISDICTION

BOROFF, Bankruptcy Judge.

### I. *Background*

Appellant, Banc of America Commercial Finance Corp., formerly Nations Credit Commercial Corporation (the "Bank" or "Appellant"), appeals from a Memorandum Opinion and Order, dated December 20, 1999, issued by the United States Bankruptcy Court for the District of New Hampshire. The Bank first moved for relief from stay or for adequate protection in July, 1999. The bankruptcy court denied the motion for relief (without prejudice) and ordered the debtor CGE Shattuck, LLC (the "Debtor" or "Appellee") to make monthly adequate protection payments to the Bank in the amount of $4,500. On September 22, 1999, the Bank again moved for relief from stay or for further adequate protection. The hearing on the second such motion prompted the order issued by the bankruptcy court on December 20, 1999.

That Order provided in relevant part:

a. The motion for relief under § 362(d)(1) is denied without prejudice;

b. The motion for relief under § 362(d)(2) is denied without prejudice;

c. The motion for relief under § 362(d)(3) is denied without prejudice;

d. The Debtor shall continue to make adequate protection payments to the Movant ... in the amount of $4,500...;

e. If the Debtor fails to make adequate protection payments ... the Movant may seek relief from the automatic stay without a hearing...; and

f. If the Debtor has not obtained approval of a disclosure statement on or before February 25, 2000, the Movant may seek relief from the automatic stay without a hearing....

Memorandum Order and Opinion, J. Deasy, December 20, 1999 at 15 (the "December 20th Order").

The Bank filed a timely notice of appeal to the Bankruptcy Appellate Panel on December 30, 1999. However, not until March 30, 2000 did the Debtor file the instant motion to dismiss the appeal for lack of jurisdiction. By that time, components of the appealed from order were already in some respects mooted, or impliedly modified by orders filed after December 30, 2000. In light of the fluidity of the ongoing proceedings, it was unclear whether the dispute—as to the December 20th Order—was still in any way meaningful to the parties in the ongoing bankruptcy court proceedings. And because intervening orders of the bankruptcy court both extended seemingly imminent stay relief and disclosure statement hearings and made a further order of adequate protection, all without further appeal from the Bank, it seemed prudent—in the absence of any request for expedited determination—to wait for what appeared to be short intervals to see whether the appeal would itself be rendered moot. But each short wait led only to yet another seemingly dispositive event on the case horizon.

Adding to the confusion, on August 21, 2000, the Bank suddenly filed a motion seeking an expedited determination of the instant motion to dismiss and the appeal itself. The Bank claimed that further delay was prejudicial to the Bank. But the motion seeking expedited determination was procedurally deficient under 1st Cir. BAP R. 8011–1(c), in that the request was not properly supported and not accompanied by a verified statement of counsel. Accordingly, I denied the motion and explained why. I expected then to see the Bank amend its motion and request reconsideration. That amendment never came. Was the Bank's failure to amend its request for expedited determination a concession that it could not be properly supported, or an indication that yet another seemingly related intervening event in the bankruptcy court had rendered its concerns moot? I can not glean the answer to that question from the record or from examination of the bankruptcy court's ongoing docket.

The substantive issue presented to me is whether the denial of a motion for relief from the automatic stay under 11 U.S.C. § 362(a) is a final order. I am not aware of any case in this Circuit which directly addresses that question. A decision in a matter of first impression ought not to be rendered in an indifferent environment. But I have reluctantly decided that the only way to determine whether the issues relating to the December 20th Order have been mooted is to move this appeal forward.

## II. *POSITIONS OF THE PARTIES AND DISCUSSION*

In its motion to dismiss, the Debtor asserts that the December 20th Order is not a final order and that "the Appeal does not meet any of the three precepts conferring appellate jurisdiction over interlocutory appeals: the Collateral Order Doctrine, the Forgay–Conrad Doctrine, or the application of the criteria governing 28 USC § 158(a)(3) review of interlocutory orders". (Appellee's Motion to Dismiss at 2 ¶ 4). The Bank responds with an Objection to Appellee's Motion to Dismiss and a

Memorandum of Law which argue otherwise.

 I agree with the Bank that "the substantial body of Federal Circuit case law finds that the grant or denial of a motion for relief from an automatic stay is considered a final order." *See* Appellant's Memorandum of Law Objecting to the Motion to Dismiss at 2. Most appellate bodies which have considered the issue have concluded that orders granting or denying relief from the automatic stay are final orders. *See, e.g., Pegasus Agency, Inc. v. Grammatikakis (In re Pegasus Agency, Inc.)*, 101 F.3d 882 (2nd Cir.1996); *In re Graves*, 33 F.3d 242, 246 n. 9 (3rd Cir. 1994); *In re Cimarron Investors v. Wyid Props. (In re Cimarron Investors)*, 848 F.2d 974, 975 (9th Cir.1988); *In re Sun Valley Foods Co.*, 801 F.2d 186, 189–190 (6th Cir.1986); *In re Leimer*, 724 F.2d 744, 745 (8th Cir.1984); *In re CBJ Development*, 202 B.R. 467 (9th Cir. BAP 1996). Those who comment on the law have reached similar conclusions. *See Queenan, Hendel & Hillinger, Chapter 11 Theory and Practice:* Appeals § 34.13 (orders granting or denying relief from the automatic stay are "final and appealable as of right"); *Wright, Miller & Cooper, Federal Practice and Procedure:* Jurisdiction 2d § 3926.2 ("Automatic stay rulings by a bankruptcy judge or appellate panel should be appealable as final decisions"). In *Tringali v. Hathaway Machinery Company, Inc.*, 796 F.2d 553, 558 (1st Cir. 1986), the First Circuit Court of Appeals ruled that an order *lifting* the automatic stay is an appealable final order, and, in so doing, cited favorably the *Leimer* case granting appellate review from a bankruptcy court order *denying* relief from the automatic stay.

The grant of relief from the automatic stay is the equivalent of the lifting of a preliminary injunction; the denial of such relief is the opposite. Congress has specifically directed that orders granting or denying preliminary injunctions be deemed final for purposes of appellate review of district court orders. See 28 U.S.C. § 1292(a). The grant or denial of relief from the automatic stay implicates the same factors. In either case, important rights of the parties may be preserved or dissipated. Absent an opportunity for appeal of an inappropriate order of adequate protection, the harm to the movant may be irreparable, but otherwise effectively unreviewable. Most important, as in other instances where orders have been deemed final, it is fair to say that with respect to the issues before the court, nothing remains to be done. Any bankruptcy court adequate protection determination is predicated on the circumstances then before the court. If those circumstances should change, those changed circumstances provide a new independent ground for relief from the stay, not a continuation of the earlier dispute.

In light of the foregoing, I find that the December 20, 1999 order of the bankruptcy court, denying to the Bank relief from the automatic stay, was a final order for the purposes of appellate review. Accordingly, the Debtor's motion to dismiss the appeal is DENIED.