In re Edward H. HENRIQUEZ, Debtor.

Caterpillar Financial Services
Corporation, Appellant,

v.

Joseph Braunstein, Chapter 7 Trustee
for the Estate of Edward H.
Henriquez, Appellee.

No. MB 00–100.

United States Bankruptcy Appellate Panel
of the First Circuit.

April 11, 2001.

Thomas E. Nannicelli, Norwood, MA, for Caterpillar Financial Services Corporation, creditor—appellant.

Michael P. Cashman, Cashman Law Offices, P.C., Boston, MA, for Edward H. Henriquez, debtor—appellee.

Michael H. Theodore, Riemer & Braunstein, LLP, Boston, MA, for Joseph Braunstein, trustee—appellee.

Before VOTOLATO, DE JESÚS, HAINES, U.S. Bankruptcy Appellate Panel Judges.

HAINES, Bankruptcy Judge.

Caterpillar Financial Services Corporation (Caterpillar) appeals from the bankruptcy court's order denying its motion for relief from stay. The bankruptcy court determined that Caterpillar was not entitled to relief because it failed to demonstrate at the motion hearing that it held a valid, perfected security interest in the debtor's backhoe/loader. For the reasons set forth below, we dismiss this appeal for lack of jurisdiction.

## Background

Edward H. Henriquez filed for relief under chapter 7 of the Bankruptcy Code[1] on October 9, 1998. About two months before filing, Henriquez purchased a 1993 Caterpillar 416B Backhoe Loader (Loader) from a dealer in Milford, Massachusetts. The purchase was financed by Caterpillar. Henriquez signed a secured promissory note and granted Caterpillar a lien on the Loader. Undertaking to perfect its interest in the Loader, Caterpillar filed financing statements with the Secretary of State and the Clerk of the City of Newton on August 14, 1998. Five months later, and several months after filing his Chapter 7

petition, Henriquez registered the Loader by filing a certificate of title with the Massachusetts Registry of Motor Vehicles.

Presumably confident, as a result of Henriquez's *postpetition* registration of the Loader, that Caterpillar held only a junior interest in the Loader, *see* 11 U.S.C. § 544(a), the trustee commenced an adversary proceeding on or about June 13, 2000, seeking, *inter alia*, a declaration that his interest in the Loader was senior to that of Caterpillar. Shortly thereafter, Caterpillar moved for relief from stay, or, in the alternative, for an order compelling the trustee to abandon the Loader.[2]

The court's order denying relief from stay entered following a nonevidentiary hearing. Caterpillar's motion proceeded to such a hearing under the Massachusetts local rule providing that the hearing for a motion for relief from stay will generally be a consolidated (preliminary and final) nonevidentiary hearing.[3] This appeal ensued.

## Discussion

Pursuant to 28 U.S.C. §§ 158(a) and (c), the panel may hear appeals from "final judgments, orders, and decrees," 28 U.S.C. § 158(a)(1), or "with leave of the court, from interlocutory orders and decrees." 28 U.S.C. § 158(a)(3). A party takes an appeal of a 28 U.S.C. § 158(a)(1) final or-

---

**1.** Unless otherwise indicated, all references to the "Code" or the "Bankruptcy Code" and all references to statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. § 101 *et seq.*

**2.** The priority dispute turns on the question whether the Loader is a "motor vehicle" for purposes of the Massachusetts Motor Vehicle Certificate of Title Law. *Compare* Mass.Gen. Laws ch. 90D (Motor Vehicle Certificate of Title Law), *with* Mass.Gen.Laws ch. 106, § 9–302(1) (perfection of "equipment").

It is not entirely clear from the appellate record, but it appears that the adversary proceeding was put on hold until such time as this matter has been resolved. The trustee

objected to Caterpillar's motion for relief (and moved to strike the motion) on the ground that the dispute over Caterpillar's "alleged security interest" was the subject of a pending complaint. In any event, the court proceeded to address Caterpillar's motion (if not the underlying dispute) on the merits.

**3.** "A preliminary hearing on a motion for relief from the automatic stay will be a consolidated preliminary and final nonevidentiary hearing unless at the conclusion of the preliminary hearing the Court schedules a final evidentiary or nonevidentiary hearing." MLBR 4001–1(g).

der "as of [r]ight" by filing a timely notice of appeal. Fed.R.Bankr.P. 8001(a).

Caterpillar asserts that "[w]here, as in this appeal, a secured creditor has been denied relief from the automatic stay, the order of the Bankruptcy Court is a 'final order' appealable as a matter of right." As authority for this statement, Caterpillar cites *Sun Valley Foods Co. v. Detroit Marine Terminals, Inc. (In re Sun Valley Foods Co.)*, 801 F.2d 186 (6th Cir.1986), and *Tringali v. Hathaway Machinery Company, Inc.*, 796 F.2d 553 (1st Cir.1986) The trustee does not challenge Caterpillar's assertion that the bankruptcy court's order is final for purposes of 28 U.S.C. § 158(a)(1).[4]

■ We are, nonetheless, "duty-bound to determine our jurisdiction over this appeal before proceeding to the merits." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). *See also, Berner v. Delahanty*, 129 F.3d 20, 23 (1st Cir.1997) ("[T]he general rule is that a court should first confirm the existence of rudiments such as jurisdiction and standing before tackling the merits of a controverted case."); *Williams v. United States (In re Williams)*, 215 B.R. 289, 297 (D.R.I. 1997) (stating that "it is incumbent on [the] court to establish that it may exercise jurisdiction" before embarking on the merits of the appeal); *Kelly, Howe & Scott v. Giguere (In re Giguere)*, 188 B.R. 486, 487 (D.R.I.1995) ("Although neither party has raised the question of jurisdiction, it is a question that must be addressed.").

### I. *Finality*

The concept of finality in bankruptcy cases is, in a word, "complicated." *Brandt*

v. *Wand Partners*, 242 F.3d 6 (1st Cir. 2001) (recognizing that although "a 'final judgment' rule of some kind applies to appeals from the bankruptcy court to the district court[,] … the concept … is more flexibly applied than with regard to district court judgments"). Indeed, it is well known that "no uniform and well-developed set of rules exists and on many points there is a good deal of uncertainty." *Id.* (Citations omitted).

■ This court not long ago had occasion to examine the state of affairs with regard to final orders in bankruptcy cases. In *In re Bank of New England Corp.*, 218 B.R. 643, 648 (1st Cir. BAP 1998), the panel ruled that the bankruptcy court's grant of summary judgment as to one count in a multi-count complaint was not a final order within the meaning of 28 U.S.C. § 158(a)(1). In doing so, the panel set forth the considerations required to reach a determination of finality. Except for that which is relevant to our decision here, we need not restate the analysis. It suffices to say that within any given bankruptcy case may reside myriad "discrete disputes." *E.g., In re Saco Local Dev. Corp.*, 711 F.2d 441, 444 (1st Cir.1983). In order to be appealable, a bankruptcy court order must fully and finally dispose of such a discrete dispute. *Tringali v. Hathaway Machinery Company, Inc.*, 796 F.2d at 558 (*citing In re American Colonial Broadcasting Corp.*, 758 F.2d 794, 801 (1st Cir. 1985)).

### II. *Finality and the Automatic Stay*

As noted above, Caterpillar cites two cases for the proposition that an order denying relief from stay is a final order within the meaning of 28 U.S.C. § 158(a)(1), *Sun Valley Foods* and *Tringa-*

---

4. Moreover, Caterpillar has not sought leave to appeal the bankruptcy court's denial of its

Motion for Relief under 28 U.S.C. § 158(a)(3).

*li.* In both cases, however, the order appealed from was an order *granting* relief from stay. *In re Sun Valley Foods Co.,* 801 F.2d at 190; *Tringali v. Hathaway Machinery Company, Inc.,* 796 F.2d at 557–58.

With regard to these issues, "[a]ll seem to agree that orders lifting the automatic stay are final." *In re Sonnax Industries, Inc.,* 907 F.2d 1280, 1283 (2nd Cir.1990); *see also Chunn v. Chunn (In re Chunn),* 106 F.3d 1239, 1241 (5th Cir.1997) (order granting relief from stay is a final and appealable order); *Benedor Corp. v. Conejo Enters., Inc. (In re Conejo Enters., Inc.),* 96 F.3d 346, 351 (9th Cir.1996) (orders granting or denying relief from the automatic stay are deemed to be final orders); *Eddleman v. United States Dep't of Labor,* 923 F.2d 782, 784 (10th Cir.1991), *overruled in part on other grounds, Temex Energy, Inc. v. Underwood, Wilson, Berry, Stein & Johnson,* 968 F.2d 1003 (10th Cir. 1992); *Barclays–American/Business Credit, Inc. v. Radio WBHP, Inc. (In re Dixie Broadcasting, Inc.),* 871 F.2d 1023, 1026 (11th Cir.1989), *cert. denied,* 493 U.S. 853, 110 S.Ct. 154, 107 L.Ed.2d 112 (1989); *Sun Valley Foods Co. v. Detroit Marine Terminals, Inc. (In re Sun Valley Foods Co.),* 801 F.2d 186 (6th Cir.1986); *Tringali v. Hathaway Machinery Company, Inc.,* 796 F.2d 553 (1st Cir.1986); *Moxley v. Comer (In re Comer),* 716 F.2d 168, 172 (3d Cir. 1983) (district court's grant of relief from automatic stay appealable as final order because property in question subject to foreclosure without appellate review).

■ The proposition makes sense because once a party is granted relief from the automatic stay, it is then free to pursue remedies against the debtor, or property of the estate, outside the jurisdictional reach of the bankruptcy court, whether through self-help or in another judicial forum. In other words, within the bankruptcy case a discrete dispute has been *finally* determined, and unless appellate review is immediately available, it most likely will not be available at all. We thus agree that an order *granting* relief from stay is, for purposes of 28 U.S.C. § 158(a)(1), a final order.[5]

■ Such is not always the case, however, when, as in the matter before us, the bankruptcy court *denies* the moving party relief from the automatic stay. The question for us here, unanswered as of yet by our circuit court, is in what circumstances an order *denying* relief from stay is final for purposes of 28 U.S.C. § 158(a)(1).

■ Given that "[a] bankruptcy judge's order is final if it 'completely resolve[s] all of the issues pertaining to a discrete claim, including issues as to the proper relief.' " *Pegasus Agency, Inc. v. Grammatikakis (In re Pegasus Agency, Inc.),* 101 F.3d 882, 885 (2nd Cir.1996) (citations omitted), for the bankruptcy court's order denying Caterpillar's motion to be final, it would have to completely resolve all issues between Caterpillar and the trustee with regard to the Loader. The order before us did not do so. It is not a final order under 28 U.S.C. § 158(a)(1).

■ The result we reach in this case is necessarily determined by our circuit court's articulation of what relief from stay proceedings actually entail. *Grella v. Salem Five Cent Savings Bank,* 42 F.3d 26, 31–33 (1st Cir.1994), held that a hearing on a motion for relief from stay "is meant to be a summary proceeding." Such hearings "do not involve a full adjudication on the merits of claims, defenses, or counterclaims, but [are instead] simply a determi-

---

5. In any event, even if we did not agree it is the binding rule in this circuit. *Tringali v.* *Hathaway Machinery Company, Inc.,* 796 F.2d at 558.

nation as to whether a creditor has a colorable claim to property of the estate." *Id.* at 32.

Indeed, as an example of what matters may *not* be decided in the context of a relief from stay hearing, the *Grella* court cites actions to determine the validity of a lien, which require "full adjudication on verified pleadings, and must be litigated in adversary proceedings." *Id.* at 33 (*citing* Fed.R.Bankr.P. 7001). The same must also be said of the trustee's action in this bankruptcy case seeking a determination of the priority of Caterpillar's lien. *See* Fed.R.Bankr.P. 7001(2). As it should be, there could be no *final* determination of the relative priorities of Caterpillar's (potentially flawed) and the trustee's (hypothetical) liens in the Loader as a result of the bankruptcy court's order denying Caterpillar's motion. Such a determination must necessarily await the resolution of the trustee's adversary proceeding, with all of its attendant procedural trappings.[6]

We are mindful of the several courts that have held, both with and without analysis, that a bankruptcy court's denial of a motion seeking relief from stay is a final order under 28 U.S.C. § 158(a)(1). *E.g., In re Conejo Enters., Inc.,* 96 F.3d 346, 351 (9th Cir.1996); *In re Sonnax Industries, Inc.,* 907 F.2d 1280, 1283 (2nd Cir.1990); *Aetna Life Ins. Co. v. Leimer (In re Leimer),* 724 F.2d 744, 745 (8th Cir.1984); *Borg–Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1309 (11th Cir.1982). At least one court of appeals has held that *all* orders denying relief from stay are final, and thus appealable as of right. *In re Sonnax Industries, Inc.,* 907 F.2d at 1284–

85 (holding that denial of relief from stay is equivalent to a permanent injunction "and is thus a final order," and criticizing the view that finality determinations in relief from stay matters should be determined on a case-by-case basis). Recently a single judge of this court ruled that a bankruptcy court's denial of a motion seeking relief from stay was a final order, and thus denied the debtor's motion to dismiss the creditor's appeal. *Banc of America Commercial Financial Corp. v. CGE Shattuck, LLC (In re CGE Shattuck, LLC),* 255 B.R. 334, 336 (1st Cir. BAP 2000).

Although the result we reach today is at odds with the broad holding of *Sonnax Industries,* there is support for our view that a blanket "final order" label should not be affixed to orders denying relief from stay, without analysis of the nature and posture of the underlying dispute. For instance, *Shattuck* noted that *Tringali* cited approvingly the Eighth Circuit's decision in *In re Leimer.* True enough, *Leimer* determined that an order denying relief from stay was final, but it noted that "[t]he Bankruptcy Court conclusively determined that [the creditor] is not the exclusive owner of the land. As far as [the creditor] is concerned, nothing remains for the Bankruptcy Court to do." *In re Leimer,* 724 F.2d at 745.

We go back to *Grella.* It would not be appropriate for the bankruptcy court, in the context of a relief from stay hearing, to *conclusively* determine competing interests in the Loader. The order before us decided only that Caterpillar failed to convince the bankruptcy court in a nonevi-

---

**6.** The transcript from the hearing on Caterpillar's Motion for Relief reveals that the bankruptcy court informed the parties that its ruling in the relief from stay matter would not conclusively determine the outcome in the adversary proceeding. Tr. at 10–11. It may be that in the context of the adversary pro-

ceeding Caterpillar could show, for instance, factual evidence that lends support to its contention that the Loader was not a motor vehicle, a showing it had no opportunity to make in the context of the consolidated preliminary and final nonevidentiary hearing on relief from stay.

dentiary setting that it had a sufficiently colorable (senior) claim to the Loader to warrant stay relief. Caterpillar is not foreclosed from attempting to prove its case in the adversary proceeding. *See supra* note 8.

In *Moxley v. Comer (In re Comer)*, 716 F.2d 168, 174 n. 11 (3rd Cir.1983), the Third Circuit viewed the bankruptcy court's denial of a creditor's motion for relief from stay as a final for purposes of the case before it, but cautioned that "an order of the bankruptcy court denying relief from an automatic stay might, in some instances, be interlocutory." This is plainly such a case. *See also United States v. Nicolet, Inc.*, 857 F.2d 202, 204 (3rd Cir. 1988) ("[I]n bankruptcy cases an order lifting the statutory automatic stay is appealable, *Moxley v. Comer (In re Comer)*, 716 F.2d 168 (3d Cir.1983), and a denial of relief from the stay may also be appealable, *In re West Electronics*, 852 F.2d 79 (3d Cir.1988).").

Our determination in this case that the bankruptcy court's order denying Caterpillar relief from the automatic stay is not a final order is a result of the nature of relief from stay proceedings, coupled with the nature of the dispute between the trustee and Caterpillar. At the core, we are faced with a dispute that has not yet been finally resolved, and thus with an order that is not yet "final." [7]

### Conclusion

For the reasons set forth above, we dismiss Caterpillar's appeal for lack of jurisdiction.

---

7. *Shattuck* should not be read broadly. As Judge Boroff noted there, the order under review left "nothing" more to be done in the bankruptcy court. *In re CGE Shattuck, LLC*, 255 B.R. at 336. The case before us today aptly demonstrates that our appellate jurisdiction is properly determined by the operative effect of, rather than the label affixed to, the order brought before us for review.