**In re Michael D. KAMAI and Gina Kamai, Debtors.**

**Michael D. Kamai; Gina Kamai; Appellants,**

v.

**Long Beach Mortgage Co.; Kathleen A. McDonald, Chapter 13 Trustee; Appellees.**

**BAP No. NV–04–1013–SMaMo.**

**Bankruptcy No. S–03–18965–RCJ.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on June 24, 2004.

Filed Sept. 30, 2004.

Christopher P. Burke, Las Vegas, NV, for Michael and Gina Kamai.

William G. Malcolm, Malcolm Cisneros, Irvine, CA, for Long Beach Mortgage Company.

Before SMITH, MARLAR and MONTALI, Bankruptcy Judges.

## OPINION

SMITH, Bankruptcy Judge.

This appeal is from a final order denying Long Beach Mortgage Company's ("LBM") motion for relief from automatic stay, granting an adequate protection order in favor of LBM, and ordering Debtors to pay attorneys' fees. The order was entered on December 15, 2003 and Debtors timely filed their notice of appeal on December 24, 2003. We AFFIRM.

## FACTS

Debtors filed a Chapter 13 [1] petition in July 2003. A few months later, LBM filed a motion for relief from stay regarding Debtors' residence based upon Debtors' failure to tender post-petition payments. After a hearing, the court ordered Debtors to resume making timely payments on the mortgage, cure the delinquent post-petition defaults, pay the late charges associated with the missed post-petition payments, and pay $575 in attorneys' fees and costs to LBM in connection with the filing of the motion.

Debtors appeal only that portion of the order requiring them to reimburse LBM for attorneys' fees, claiming that the court erred in awarding the fees since LBM 1) did not request fees in its motion and only made the request for the first time at the

1. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

hearing, 2) is not entitled to attorneys' fees under § 506(b) because its interest in the property is undersecured, 3) is not entitled to attorneys' fees under § 506(b) because its claim was not liquidated as required by § 506(c), and 4) failed to present evidence of the attorneys' fee provision in the underlying agreement.

LBM counters that the motion properly included a request for attorneys' fees and that its interest in the property is oversecured. LBM further argues that the surcharge provisions of § 506(c) are inapplicable and that Debtors' argument regarding the absence of evidence of a contractual attorneys' fee provision is being improperly raised for the first time on appeal.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. § 1334 and § 157(b)(1) and (b)(2). This Panel has jurisdiction over final appeals under 28 U.S.C. § 158(a) and (b).

An order granting or denying a motion for relief from the automatic stay is a final, appealable order. *Centofante v. CBJ Development, Inc. (In re CBJ Development, Inc.)*, 202 B.R. 467, 469 (9th Cir. BAP 1996), *citing Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc)*, 912 F.2d 1162, 1166 (9th Cir.1990).

## ISSUES

1. Whether the order on appeal a final order.

2. Whether the bankruptcy court erred in awarding attorneys' fees to LBM for fees incurred in connection with LBM's relief from stay motion.

## STANDARD OF REVIEW

■ A trial court's findings of fact are reviewed under the clearly erroneous standard. *Ankeny v. Meyer (In re Ankeny)*,

184 B.R. 64, 68–69 (9th Cir. BAP 1995). An appellate court "will not disturb a bankruptcy court's award of attorneys' fees unless the bankruptcy court abused its discretion or erroneously applied the law." *Hassen Imports Partnership v. KWP Financial VI (In re Hassen)*, 256 B.R. 916, 920 (9th Cir. BAP 2000), *citing Kord Enterprises II v. California Commerce Bank (In re Kord Enterprises II)*, 139 F.3d 684, 686 (9th Cir.1998).

## DISCUSSION

■ In this case, the order appealed from denied relief from the stay on the condition that Debtors make certain adequate protection payments, without prejudice to LBM seeking relief from stay again in the event of Debtors' future default. We consider preliminarily whether the adequate protection order is a final or interlocutory order.

While some courts have found adequate protection orders to be interlocutory, we adopt the well-reasoned opinion of the First Circuit Bankruptcy Appellate Panel in *Banc of America Commercial Financial Corp. v. CGE Shattuck, LLC (In re Shattuck)*, 255 B.R. 334, 336 (1st Cir. BAP 2000) which held that an order denying relief from the automatic stay on condition that the debtor make adequate protection payments, and without prejudice to the creditor seeking stay relief in the future, was a final order for purposes of appellate review. The court observed that

[t]he grant of relief from the automatic stay is the equivalent of the lifting of a preliminary injunction; the denial of such relief is the opposite. Congress has specifically directed that orders granting or denying preliminary injunctions be deemed final for purposes of appellate review of district court orders. See 28 U.S.C. § 1292(a). The grant or denial of relief from the automatic stay

548

implicates the same factors. In either case, important rights of the parties may be preserved or dissipated. Absent an opportunity for appeal of an inappropriate order of adequate protection, the harm to the movant may be irreparable, but otherwise effectively unreviewable. Most important, as in other instances where orders have been deemed final, it is fair to say that with respect to the issues before the court, nothing remains to be done. Any bankruptcy court adequate protection determination is predicated on the circumstances then before the court. If those circumstances should change, those changed circumstances provide a new independent ground for relief from the stay, not a continuation of the earlier dispute.

255 B.R. at 336.

The treatment of an adequate protection order as final is also consistent with the Ninth Circuit's implicit determination in *Cimarron Investors v. Wyid Properties (In re Cimarron)*, 848 F.2d 974, 975 (9th Cir.1988) that the adequate protection order appealed from was a final order. Accordingly, we conclude that the order on appeal in this matter is final and appropriate for our review.

Section 506 of the Bankruptcy Code provides in pertinent part:

§ 506. Determination of secured status.

\*    \*    \*    \*    \*    \*

(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

(c) The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim.

§§ 506(b), (c).

Under § 506(b), a creditor is entitled to attorneys' fees if (1) the claim is an allowed secured claim; (2) the creditor is oversecured; (3) the fees are reasonable; and (4) the fees are provided for under the agreement. *Meritor Mortgage Corp., West v. Salazar (In re Salazar)*, 82 B.R. 538, 540 (9th Cir. BAP 1987).

Debtors first argue that the court erred in awarding attorneys' fees because LBM failed to request fees in its motion. LBM's motion did not expressly request attorneys' fees pursuant to § 506(b), nor did LBM request attorneys' fees in a particular dollar amount. However, under the section of the motion entitled "The Post–Petition Delinquency," LBM affirmatively requested that the court award it attorneys' fees and costs in addition to the delinquent amounts owed under the note.[2] Therefore, Debtors' argument that they were not on notice that attorneys' fees would be requested is unpersuasive.

Debtors' argument that LBM is not entitled to fees under § 506(b) because its claim is undersecured is equally without merit. Debtors maintain that LBM's claim is undersecured because there is a

**2.** Debtors do not raise the issue of reasonableness of the attorneys' fees on appeal. At the hearing, LBM requested attorneys' fees in the amount of $815. Counsel for Debtors asked the court to reduce the amount to $500 plus costs and the court complied, awarding LBM attorneys' fees and costs in the amount of $575.

second, *junior* mortgage on the property which, when combined with the first, over-encumbers the property. The undisputed evidence, in the form of exhibits submitted with LBM's motion, indicates that Debtors listed the property in their schedules with a value of $135,000 and that LBM's claim, exclusive of attorneys' fees, totals $130,937.61. As the senior lienholder, LBM is oversecured to the extent the property value exceeds the amount of LBM's claim, i.e., roughly $4,000, to the detriment of other secured but junior creditors. *See e.g., Ridgemont Apartment Assoc., Ltd. v. Atlanta English Village, Ltd.,* 110 B.R. 77, 82 (N.D.Ga.1989). While junior liens are relevant in determining the debtor's equity in property, such liens are entirely irrelevant in determining whether the claim of a senior lienholder is oversecured.

■ Next, Debtors rely on *Burns v. Home Federal Savings & Loan Assoc. (In re Burns),* 16 B.R. 757 (Bankr.M.D.Ga. 1982) to support their claim that LBM is not entitled to attorneys' fees under § 506(b) because its claim was not liquidated pursuant to § 506(c). The *Burns* court held in a Chapter 13 case that, based upon the phrase "after any recovery under subsection (c) of this section," § 506(b) applies *only* if the trustee has actually disposed of the property securing the subject claim. 16 B.R. at 760 (emphasis added). This reasoning is premised on an obvious misinterpretation of § 506(b) and will not be followed by this panel. *See In re Salisbury,* 58 B.R. 635, 638 (Bankr. D.Conn.1985) ("*Burns* ... results from an obvious misreading of § 506(b), no other court has followed it, and neither will [this court]."). Under § 506(b), a secured creditor is entitled to reasonable attorneys' fees to the extent that the value of the property securing the claim, after taking into account any § 506(c) surcharges as-

serted by a trustee for the preservation or disposition of the property, exceeds the amount of the creditor's claim. If, as in this case, no surcharge has been asserted against the property by the trustee, § 506(c) has no application whatsoever to an analysis under § 506(b).

■ Finally, Debtors argue that the court erred in awarding attorneys' fees because LBM failed to present evidence of the terms of the agreement providing for such fees, i.e. the note and trust deed, as required under § 506(b). LBM maintains that it was caught by surprise by the assertion of this issue on appeal since Debtors never raised the issue of entitlement to fees in their opposition or at the motion hearing. Had the issue been raised, LBM argues, the required documents would have been provided to the court. Since it was not raised, however, LBM contends that Debtors have waived the objection and the issue should not be considered on appeal. We agree.

■ Section 506(b) allows attorneys' fees to a secured creditor only to the extent that they are "provided [for] under the agreement under which such claim arose." *In re Roberts,* 20 B.R. 914, 920 (Bankr.E.D.N.Y.1982), *citing Roslyn Savings Bank v. Douglas (In re Douglas),* Bankr.No. 180–06968–16; Adversary No. 180–2005–16 (unreported decision, Price, B.J., E.D.N.Y., 6/10/81); *In re Gregory,* 8 B.R. 256, (Bankr.S.D.N.Y.1981). Where the bankruptcy courts have concluded that a mortgage provides for the recovery of attorneys' fees, they are allowed. *In re Roberts,* 20 B.R. at 920.

As LBM correctly asserts, Debtors did not raise the issue of its contractual entitlement to attorneys' fees either in their opposition brief or at the hearing. Debtors objected to the fees only on the grounds that 1) the fees were not requested in the motion, 2) LBM's claim was

undersecured, and 3) the fees were not reasonable.

Significantly, Debtors did not contend at the hearing, nor do they claim on appeal, that the award of attorneys' fees is *not* provided for under the terms of the parties' agreement. Debtors claim only that LBM failed to present evidence of the same to the court in support of its claim for attorneys' fees. At the hearing, when LBM's counsel represented to the court that "under our note and deed of trust we are entitled to fees and costs incurred," Debtors did not question or object to LBM's counsel's representations.

Had Debtors objected to LBM's claim that attorneys' fees were allowed under the note and deed of trust at that stage in the proceedings, LBM would have been obliged to provide the court and Debtors with a copy of the documents. *See In re Smith,* 76 B.R. 426 (Bankr.E.D.Pa.1987). However, it appears from Debtors' written opposition to the motion and oral argument at the hearing that Debtors, by their silence, accepted LBM's basic entitlement to attorneys' fees under the operative agreement. As Debtors failed to put LBM on notice that they challenged its entitlement to attorneys' fees under § 506(b) on this ground, they are precluded from raising the issue for the first time on appeal. *See In re Smith,* 76 B.R. at 429–30 (holding that it would be inequitable to permit debtors to assert the argument on the issue of creditor's entitlement to attorneys' fees under § 506(b), or otherwise, when debtors failed to timely raise the issue).

## CONCLUSION

Based on the foregoing, we AFFIRM.