In re ATLAS IT EXPORT,
LLC, Debtor.

Pinpoint IT Services, LLC, Appellant,

v.

Atlas IT Export, LLC and Noemi
Landrau Rivera, Chapter 7
Trustee, Appellees.

BAP No. PR 12–073.
Bankruptcy No. 11–07825–EAG.

United States Bankruptcy Appellate Panel
of the First Circuit.

April 23, 2013.

Rafael Pérez–Bachs, Esq., Hato Rey, PR, on brief for Appellant.

Rafael A. González Valiente, Esq., Santurce, PR, on brief for Appellee, Noemi Landrau Rivera, Chapter 7 Trustee.

Before HAINES, FEENEY, and HOFFMAN, United States Bankruptcy Appellate Panel Judges.

HAINES, Bankruptcy Judge.

Pinpoint IT Services, LLC appeals from a bankruptcy court order modifying the automatic stay. We conclude that, because Pinpoint can demonstrate no legally cognizable harm attending entry of the order, it lacks standing, and this appeal must be **DISMISSED**.

## BACKGROUND

Atlas IT Export, LLC filed a petition for chapter 7 relief in September 2011. On its Schedule B, Atlas listed a contingent, unliquidated claim against Pinpoint in the approximate amount of $3,200,000.00.

On the petition date, two lawsuits involving Pinpoint and Atlas were pending. The first, initiated in October 2010 in the U.S. District Court for the Eastern District of Virginia, pitted Pinpoint, as plaintiff, against Atlas, as defendant/counterclaimant. We will call it the "Virginia Action." The second, filed in February 2010 in the U.S. District Court for the District of Puerto Rico, set Atlas, as plaintiff, against Pinpoint, as defendant/counterclaimant. We will call it the "Puerto Rico Action."

The cases were mirror images of each other: Atlas' complaint in the Puerto Rico Action was substantively identical to its counterclaim in the Virginia Action; and Pinpoint's counterclaim in the Puerto Rico Action incorporated the allegations of its complaint in the Virginia Action. Atlas's bankruptcy filing stayed prosecution of Pinpoint's claims.

In the bankruptcy court, Atlas' chapter 7 bankruptcy trustee, Noemi Landrau Rivera, initially filed "Trustee's Request for Modification [of] Debtor's Automatic Stay," seeking modification of the stay to continue the Puerto Rico Action. Pinpoint opposed the motion.

Several days later, Landrau Rivera and Atlas filed a "Stipulation for Entry of Order for Modification of Automatic Stay," also seeking "stay relief" to continue the Puerto Rico Action. Pinpoint complained that it was not a party to the stipulation and that Landrau Rivera's submission was simply a "disguised" motion for relief from stay. Pinpoint asked not only for the disallowance of the stipulation, but also for the imposition of sanctions against Landrau Rivera. Landrau Rivera withdrew her earlier filed motion for relief.

When the stipulation came before it, the court confirmed that Landrau Rivera was consenting to a modification of the stay that extended not only to Atlas' continued prosecution of its complaint, but to Pinpoint's pressing its counterclaims, as well. The judge repeatedly asked Pinpoint's counsel to explain how such modification, permitting the parties to go forward with all claims in the Puerto Rico Action, would prejudice his client. He answered only that the Puerto Rico Action was "duplicative" of the Virginia Action.

At the conclusion of the hearing, the court ruled:

[A]s requested by the Trustee at docket No. 57, the Court is modifying the automatic stay so as to allow the litigation in the District Court against Pinpoint and Pinpoint's counterclaim against the Debtor to proceed to judgment.

This appeal ensued.[1]

## APPELLATE STANDING

 "We assess our appellate jurisdiction even when it goes unchallenged." *Raymond C. Green, Inc. v. DeGiacomo (In re Inofin Inc.)*, 466 B.R. 170, 173 (1st Cir. BAP 2012) (citing *Boylan v. George E. Bumpus, Jr. Constr. Co., Inc. (In re George E. Bumpus, Jr. Constr. Co., Inc.)*, 226 B.R. 724 (1st Cir. BAP 1998)). A panel may hear appeals from "final judgments, orders, and decrees [pursuant to 28 U.S.C. § 158(a)(1) ] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3) ]." *Fleet Data Processing Corp v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). Additionally, principles of requisite standing delimit our jurisdiction. *Spenlinhauer v. O'Donnell*, 261 F.3d 113, 117 (1st Cir.2001).

 "[S]tanding to appeal from a final bankruptcy court order is accorded only to a 'person aggrieved,'" that is, one whose pecuniary interests are directly and adversely affected by the challenged order. *Id.* at 117–18 (citation omitted). Thus, a party asserting appellate standing must demonstrate that the bankruptcy court's order either diminishes his property, increases his burdens, or detrimentally affects his rights. *Aja v. Emigrant Funding Corp. (In re Aja)*, 442 B.R. 857, 861 (1st Cir. BAP 2011); *Great Road Serv. Ctr., Inc. v. Golden (In re Great Road Serv. Ctr., Inc.)*, 304 B.R. 547, 551 (1st Cir. BAP 2004). "[A]lmost by definition, all appellants may claim in some way to be 'aggrieved,' else they would not bother to prosecute their appeals." *Travelers Ins. Co. v. H.K. Porter Co., Inc.*, 45 F.3d 737, 741 (3d Cir.1995). However, "[t]he nature of bankruptcy litigation, with its myriad of parties, directly and indirectly involved or affected by each order and decision of the bankruptcy court, mandates that the right of appellate review be limited to those persons whose interests are directly affected." *In re El San Juan Hotel*, 809 F.2d 151, 154 (1st Cir.1987).

"Most requests for relief from the automatic stay come from a party wanting to take action against a debtor or against property of the bankruptcy estate." *In re Sweports, Ltd.*, 476 B.R. 540, 541 (Bankr. N.D.Ill.2012). This appeal presents the

---

1. During the same period, Pinpoint filed a motion for relief from the automatic stay, in order to continue the Virginia Action. The bankruptcy court denied the motion, and Pinpoint appealed. The Panel dismissed the appeal as interlocutory on January 29, 2013. *See LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir.1999) (stating court may take judicial notice of its own docket). In the judgment of dismissal, the Panel stated:

> The order before us decided only that Pinpoint may not presently proceed in the United States District Court for the Eastern District of Virginia, based upon principles related to judicial economy, as well as the best interests of the estate and creditors. The order does not prevent Pinpoint, however, from attempting to prove its case, or from arguing the "first-to-file rule," in the United States District Court for the District

of Puerto Rico. Indeed, the bankruptcy court previously entered an order granting relief from the automatic stay in order to allow the same contract dispute to continue to be litigated in that district. Thus, contrary to Pinpoint's assertion, much more remains to be done. Confronted with a dispute that has yet to be resolved, we conclude that the order is not yet final and therefore, not appealable as of right. To rule otherwise would set the stage for the sort of "piecemeal appellate review" frowned upon by this circuit. *Nichols v. Cadle Co.*, 101 F.3d 1448, 1449 (1st Cir. 1996).

*Pinpoint IT Services, LLC v. Atlas IT Export, LLC (In re Atlas IT Export, LLC)*, BAP No. PR 12–090, slip op. at 6 (B.A.P. 1st Cir. Jan. 29, 2013). Pinpoint has appealed the judgment of dismissal to the First Circuit.

curious circumstance of a trustee's consent (accompanied by that of the debtor) to stay relief to permit a civil action to go forward—including counterclaims asserted against the estate—and a creditor's atypical resistance to it.

■ Although the parties acknowledge that the filing of a bankruptcy petition triggers an automatic stay of actions against the debtor,[2] Pinpoint's position misapprehends the stay's scope. The automatic stay "has absolutely no effect on the debtors' ability to bring suit *against other parties*." *DiMaio Family Pizza & Luncheonette, Inc. v. The Charter Oak Fire Ins. Co.*, 448 F.3d 460, 463 (1st Cir. 2006) (emphasis in original) (quoting *Jamo v. Katahdin Fed. Credit Union (In re Jamo)*, 283 F.3d 392, 398 (1st Cir.2002)). It is well-established that "[t]he statute does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate." *Ass'n of St. Croix Condo. Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir.1982). Indeed, "[t]he debtor may file suit in any forum without leave of the Bankruptcy Court, for the automatic stay is to protect the debtor from creditors not vice versa." *Rivera Colon v. Padilla Ferrer*, No. Civ. 00–2351(JAG), 2003 WL 21692003, at *1 n. 1 (D.P.R. July 14, 2003) (citation omitted) (holding "the debtor may file suit in any forum without leave of the Bankruptcy Court, for the automatic stay is to protect the debtor from creditors not vice versa."). Thus, "within one case, actions against a debtor will be suspended even though closely related claims asserted by the debtor may continue." *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir.1991).

■ Here, the automatic stay had no impact whatsoever on Landrau Rivera's power to litigate Atlas' claims against Pinpoint—in either Virginia or in Puerto Rico. Thus, to the extent the order on appeal ostensibly freed her to do so, it was a non-event. But the other aspect of the order, that which freed Pinpoint to press its claims against the estate in the district court, had substantive content. That content, however, operated to Pinpoint's benefit.[3]

At oral argument, the only adverse effect of stay relief that Pinpoint could point to was that the order enabled it only to litigate in Puerto Rico and that the Puerto Rico Action should give way to the earlier-filed Virginia Action. Although Pinpoint bemoans this procedural inconvenience, its right to argue in the Puerto Rico district court for transfer of the Puerto Rico Action to Virginia, or for staying the Puerto Rico Action in favor of the Virginia Action,

**2.** Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of the commencement or continuation, ... of a judicial ... proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, ... [.]" 11 U.S.C. § 362(a)(1).

**3.** Of course, one might question whether it was appropriate for Landrau Rivera to obtain an order that, in effect, only provided Pinpoint relief from stay to litigate its Puerto Rico Action counterclaims to judgment. *See Benjamin v. Aroostook Med. Ctr., Inc.*, 57 F.3d

101, 104 (1st Cir.1995) (stating for standing, litigant must assert his or her own rights and interests, not those of third party). Arguably, she did, as the estate could assert an interest in avoiding piecemeal litigation by having all claims and counterclaims resolved in one judgment. But that is now water over the dam. The bankruptcy court issued its order and the matter before us is one of Pinpoint's *appellate* standing to challenge the order that freed it to fully engage the estate in litigation outside the bankruptcy forum, with no attendant diminution of its rights.

remains intact. Similarly, Pinpoint remains free to interpose every defense and assert every claim available to it under the law. Whether of process or substance, Pinpoint's quiver has not lost a single arrow. Under these circumstances, Pinpoint cannot qualify as an aggrieved person. To conclude otherwise would violate the general rule that "a bankruptcy court's order does not produce the direct and adverse pecuniary impact necessary to bestow standing on an appellant if the order's effect on the appellant is merely to expose it to the risks of litigation." *Travelers Cas. & Sur. v. Corbin (In re First Cincinnati, Inc.)*, 286 B.R. 49, 53 (6th Cir. BAP 2002).

Pinpoint cannot demonstrate any legally cognizable diminution of its property or any detrimental effect on its meaningful rights. We, therefore, conclude that Pinpoint cannot meet the "person aggrieved" standard necessary to satisfy the requirement for standing to appeal the bankruptcy court's order.[4]

### CONCLUSION

This appeal is **DISMISSED** due to Pinpoint's lack of standing.

[4]. Thus, Pinpoint's complaints about the procedural propriety of Landrau Rivera's stipulation with Atlas are of no consequence.